UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 12-115-DLB-CJS

ALLEN DOUGLAS                                                              PLAINTIFF

VS.                      MEMORANDUM OPINION AND ORDER

KENTUCKY MOTOR SERVICE, SOUTH, INC.                      DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is currently before the Court on Plaintiff's Motion to Dismiss Case Without Prejudice for the Purpose of Refiling in State Court (Doc. # 47) and Plaintiff's Motion to File First Amended Complaint (Doc. # 52). For the reasons that follow, Plaintiff's Motion to Dismiss will be **granted in part** and **denied in part**, and Plaintiff's Motion to File First Amended Complaint will be **denied**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was intermittently employed by Defendant Kentucky Motor Services South, Inc., as a counter salesman for about four years before permanently leaving Defendant's employ in 2005. He alleges that during his employment, Defendant's employees harassed him about his Christian beliefs including his opposition to guns and pornography. He further alleges that Defendant's employees taunted him with various sexual references. Plaintiff initiated the instant case with the filing of his Complaint in the Southern District of Ohio on January 4, 2012, alleging three claims of discrimination under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*[1] (Doc. # 1). On May 9, 2012 the case was transferred to this Court. (Doc. # 8). Plaintiff's three claims are grouped into two Counts. Count 1 alleges that Defendant: (1) unlawfully discriminated against him for his "religious preference"; and (2) allowed a hostile work environment in which Plaintiff was sexually harassed. Count 2 alleges that Defendant retaliated against him for filing a complaint with the EEOC.

The Court entered a scheduling order on May 31, 2012, setting various deadlines. The deadline to amend the Complaint was July 2, 2012. The deadline for taking discovery was February 20, 2013. According to Defendant, the parties exchanged written discovery in response to requests for interrogatories and requests for production, and conducted nine depositions, including eight depositions of Defendant's employees.

On April 4, 2013, Defendant filed a motion for summary judgment. Rather than filing a response, Plaintiff filed the instant motion to dismiss seeking to voluntarily dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) on April 29, 2013. Defendant opposes this relief. After the motion to dismiss was fully briefed, Plaintiff filed the instant motion to amend seeking to amend the Complaint to include new state law claims.

## II. ARGUMENTS OF THE PARTIES

In its motion for summary judgment, Defendant argues that it is entitled to judgment as a matter of law for two reasons. First, it asserts that the Court lacks subject matter jurisdiction over Plaintiff's religious discrimination and retaliation claims because Plaintiff did not include these claims in his EEOC complaint, and therefore failed to exhaust his

---

[1] Defendant Kentucky Motor Service South, Inc. was substituted as the proper defendant for K.O.I. Enterprises, Inc. on May 9, 2012.

administrative remedies. Second, Defendant argues that it is entitled to summary judgment on Plaintiff's sexual harassment claim because: (1) Plaintiff has not alleged conduct that rises to the level of a hostile work environment; and (2) Plaintiff's claim is (according to Defendant) based on sexual orientation, which is not a protected class under Title VII.

In his motion to dismiss, Plaintiff appears to concede that Defendant's jurisdictional arguments have merit.  He explains that in light of those arguments, he wishes to re-file this case in state court, dropping his federal religious discrimination and retaliation claims and asserting state law causes of action for religious and disability discrimination under Kentucky Revised Statute § 344.450.  He explains that he did not assert these state law causes of action sooner because the factual underpinnings of these new causes of action "developed in the discovery process." (Doc. # 47, at 2).  In addition, although he does not explicitly say so, it appears from the briefing that Plaintiff intends to drop his federal sexual harassment claim and assert a state sexual harassment claim in its stead.

Defendant opposes dismissal of Plaintiff's sexual harassment claim because, as explained further below, it asserts it would suffer plain legal prejudice if Plaintiff were permitted to dismiss the claim at this stage in the litigation.   Defendant also opposes dismissal of Plaintiff's religious discrimination and retaliation claims, even though it posits that the Court lacks subject matter jurisdiction over those claims.  It argues that Plaintiff "should never have filed these claims" or "should have sought leave to dismiss this case and re-filed it in state court to cure these deficiencies" long before discovery was completed and Defendant's motion for summary judgment was filed. (Doc. # 48, at 6).

Plaintiff has now moved to amend his Complaint to add new state law claims for hostile work environment discrimination and retaliation under K.R.S. § 344.450. The Court turns first to that motion, and then to Plaintiff's motion to dismiss.

3

### III. ANALYSIS

**A. Plaintiff's Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) requires courts to "freely give leave when justice so requires." "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). When a court-ordered deadline to amend the complaint has passed, the plaintiff should also show "good cause" for the court to modify its scheduling order under Federal Rule of Civil Procedure 16(b). *Alioto v. Advantage Associates, Inc.*, No. 10–14–C, 2011 WL 4435681, at *1 (W.D. Ky. Sept. 22, 2011) (citation omitted).

By his motion to amend the Complaint, Plaintiff seeks to add new state law claims for hostile work environment discrimination and retaliation under K.R.S. § 344.450.[2] However, his fails to offer any reason why he should be permitted to amend, or explain why he is filing the motion more than one year after the deadline to amend the Complaint (i.e., July 2, 2012). Permitting him to amend would result in undue delay and prejudice to Defendant, as this case has been pending for 18 months, discovery has closed, and Defendant has already filed its motion for summary judgment. Moreover, Plaintiff has not shown good cause for the Court to modify its scheduling order to permit leave to amend.

---

[2] He explains that he has now filed these claims as part of new state court action "anticipating that the Court will dismiss the federal claims [in the instant action] and decline jurisdiction over the state law claims." (Doc. # 52, at 2).

4

Accordingly, the Court will deny his motion.

**B.     Plaintiff's Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "[w]hen an answer or a motion for summary judgment has been served, and not all of the parties who have appeared will stipulate to dismissal, 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting Fed. R. Civ. P. 41(a)(2)). The purpose of the Rule is to protect the defendant from unfair treatment. *Id.* (citation omitted). The Sixth Circuit has held that a Rule 41(a)(2) motion should be denied where the defendant would suffer "plain legal prejudice." *Id.* Plain legal prejudice is something more than "the mere prospect of a second lawsuit." *Id.* To discern whether plain legal prejudice exists, courts consider four factors: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* at 953-54 (citation omitted).

    **1.     Plaintiff's religious discrimination and retaliation claims**

As noted, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's religious discrimination and retaliation claims; yet, it also opposes Plaintiff's voluntary dismissal of these claims. Defendant thus holds inconsistent positions. If the Court lacks subject matter jurisdiction over these claims, dismissal is mandatory. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, a dismissal for lack of subject matter jurisdiction is not a merits adjudication, *Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th

Cir. 2004), and thus permitting Plaintiff to dismiss these claims would not prejudice Defendant since it could not obtain a merits ruling on them in any event.

Therefore, since both parties ultimately seek dismissal of these claims, and because Defendant would not be prejudiced by their dismissal, the Court will grant Plaintiff's motion to dismiss the claims. Accordingly, the Court need not determine whether it in fact has subject matter jurisdiction over them.

### 2. Plaintiff's sexual harassment claim

The sole remaining question for the Court is whether to permit Plaintiff to dismiss his sexual harassment claim. Application of the Rule 41(a)(2) factors weighs against granting him this relief.

Under the first factor, Defendant asserts that it has expended significant time, effort, and resources in litigating this action. The Court agrees. Defendant has completed discovery, including nine depositions, and has filed its Motion for summary judgment. While Plaintiff asserts that Defendant could re-use this discovery in a subsequent state court action, Defendant rightly notes that it cannot fully anticipate whether additional discovery will be necessary. In addition, Defendant correctly points out that it will have to file a second motion for summary judgment in the state court action addressing Plaintiff's new claims, and that this would entail extra expense. Defendant's points are well taken: it has incurred significant expense to date, and it would incur additional expense in a state court action. This factor favors Defendant.

Under the second and third factors, Defendant argues that Plaintiff excessively delayed in filing the instant motion without sufficient explanation. It points out that Plaintiff filed the motion thirteen months after filing this lawsuit, two months after the close of discovery, and nearly one month after Defendant filed its Motion for summary judgment.

6

Furthermore, it disputes Plaintiff's professed reason for delay—that his proposed state law causes of action for religious and disability discrimination were "developed in discovery." On the contrary, Defendant highlights how the factual basis for these claims is outlined in the Complaint, and it posits that no new facts supporting these claims were discovered during any of the depositions taken in this matter. The Court agrees with Defendant.

The Complaint clearly discloses a factual basis for these two proposed state law causes of action. As to his religious discrimination cause of action, the Complaint describes in detail how Defendant discriminated against Plaintiff for his devout Christian beliefs, including his objections to co-employees watching pornography during work hours and bringing guns into work. As to his disability discrimination cause of action, the Complaint describes how Plaintiff's superiors discriminated against him when he informed them that he could not lift heavy objects due to an injury he had sustained. It relates how they demanded that he complete Family and Medical Leave Act paperwork regarding his lifting restriction, and treated him less favorably when he told them that his doctor would not sign the paperwork.

Furthermore, Plaintiff fails to identify a single new fact he learned in discovery regarding his proposed religious and disability discrimination causes of action that he did not already know at the time he filed his Complaint. He thus fails to explain why he did not include these proposed state law causes of action in this lawsuit, either at its inception or in a timely-filed motion to amend—other than to mention that his law partner broke her knee and this increased his workload, thus presumably distracting him from this case. The Court thus finds that Plaintiff has excessively delayed in filing the instant motion to dismiss, and has insufficiently explained his reason for doing so. These factors thus favor Defendant as well.

Under the fourth factor, Defendant notes that it has filed a motion for summary judgment addressing Plaintiff's sexual harassment claim, and argues that Plaintiff is seeking a "do over in state court" by moving to voluntarily dismiss this claim. As stated above, plain legal prejudice is more likely to exist when a plaintiff files a Rule 41(a)(2) motion after the defendant files a motion for summary judgment. *Bridgeport Music*, 583 F.3d at 953-54; *cf. Steward v. New Chrysler*, 415 F. App'x 632, 637-38 (6th Cir. 2011) (unpublished) (affirming denial of Rule 41(a)(2) motion in part because the plaintiff filed it four months after the defendant filed its motion for summary judgment). Here, the fact that Defendant has already filed a motion for summary judgment on Plaintiff's sexual harassment claim—Plaintiff's sole remaining claim in this lawsuit—is a significant factor weighing against granting his motion to dismiss. At this stage in the proceedings, it would be unfair to require Defendant to re-litigate this case in state court, given the attendant time, expense, and delay in finality it would entail. This factor thus also favors Defendant.[3]

Under the totality of the Rule 41(a)(2) factors, therefore, the Court finds that Defendant would suffer plain legal prejudice if the Court permitted Plaintiff to dismiss its sexual harassment claim.

### 3. Attorney's fees

Defendant requests attorney's fees in the event that the Court grants the instant

---

[3] In opposing the instant motion to dismiss, Defendant also argues that dismissal is inappropriate because it has already demonstrated in its motion for summary judgment that it is entitled to judgment on the merits of Plaintiff's sexual harassment claim. It is true that in determining whether plain legal prejudice exists, courts can consider whether the defendant has shown (by a motion for summary judgment or otherwise) that "the law clearly dictates a result [in its favor]." *Grover v. Eli Lilly and Co.,* 33 F.3d 716, 719 (6th Cir. 1994). However, the Court does not need to consider this argument because it has already determined based on the four Rule 41(a)(2) factors that Defendant would suffer plain legal prejudice if Plaintiff were permitted to dismiss its sexual harassment claim. The Court will therefore reserve comment on the merits of Defendant's motion for summary judgment pending full briefing on that motion.

motion to dismiss. Courts may condition a Rule 41(a)(2) dismissal on whatever terms it deems necessary to counteract any prejudice the defendant may suffer from a dismissal without prejudice. *Bridgeport Music*, 583 F.3d at 954 (citation omitted). Since the Court is only granting the motion as to Plaintiff's religious discrimination and retaliation claims—claims over which Defendant posits the Court lacks subject matter jurisdiction—Defendant will suffer no prejudice by the dismissal. Attorney's fees are thus unnecessary.

### IV. CONCLUSION

In summary, then, the Court will deny Plaintiff's motion to amend, deny Plaintiff's motion to dismiss as to his sexual harassment claim, grant his motion to dismiss as to his religious discrimination and retaliation claims, and deny Defendant's request for attorney's fees.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion to File First Amended Complaint (Doc. # 52) is hereby **DENIED**;

(2) Plaintiff's Motion to Dismiss Case Without Prejudice for the Purpose of Refiling in State Court (Doc. # 47) is hereby **GRANTED IN PART** as to Plaintiff's religious discrimination and retaliation claims, and **DENIED IN PART** as to Plaintiff's sexual harassment claim;

(3) Plaintiff's religious discrimination and retaliation claims are hereby **DISMISSED WITHOUT PREJUDICE**;

(4) Defendant's request for attorney's fees (Doc. # 48) is hereby **DENIED**;

(5) Plaintiff shall file a response to Defendant's Motion for Summary Judgment (Doc. # 36) on or before **August 20, 2013**; and

(6)   Defendant shall file a reply in support of its Motion for Summary Judgment, if any, on or before **September 3, 2013**.

This 5th day of August, 2013.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\Opinions\Covington\2012\12-115 MOO granting in part and denying in part motion to dismiss.wpd