**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 12-115-DLB-CJS**

**ALLEN DOUGLAS**                                                                 **PLAINTIFF**

**VS.**                               **MEMORANDUM OPINION AND ORDER**

**KENTUCKY MOTOR SERVICE, SOUTH, INC.**                          **DEFENDANT**

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

        This matter is currently before the Court on Defendant's Motion for Summary

Judgment (Doc. # 36).  Plaintiff has filed a response stating that it "chooses not oppose this

Motion" because he has opted to pursue other claims against Defendant in state court

instead.  (Doc. # 54).  Defendant's Motion for Summary Judgment is thus unopposed.

Because Defendant has carried its burden of demonstrating that it is entitled to judgment

as a matter of law, the Court will **grant** the instant motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

        Plaintiff was intermittently employed by Defendant Kentucky Motor Services South,

Inc., as a counter salesman for about four years before permanently leaving Defendant's

employ in 2005.  He alleges that during his employment, Defendant's employees harassed

him about his Christian beliefs including his opposition to guns and pornography.  He

further alleges that co-worker Sean Collins taunted him with various sexual references.

Plaintiff initiated the instant case with the filing of his Complaint on January 4, 2012,

alleging three claims of discrimination under Title VII of the Civil Rights Act of 1964, 42

1

U.S.C. § 2000, *et seq.*[1] (Doc. # 1).   By prior Order, the Court permitted Plaintiff to voluntarily dismiss two of these claims.  (*See* Doc. # 53).  The sole remaining claim is Plaintiff's claim for "sexual harassment hostile environment discrimination."  (Doc. # 1, at 13).

By its Motion for Summary Judgment, Defendant now argues that it is entitled to judgment as a matter of law on Plaintiff's sexual harassment claim because Plaintiff has failed to prove that the harassment at issue was based on his gender.  The Court now turns to examine that argument.

## II.   ANALYSIS

### A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The "moving party bears the burden of showing the absence of any genuine issues of material fact."  *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008).  The moving party may meet this burden by demonstrating the absence of evidence concerning an essential element of the nonmovant's claim on which it will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the movant has satisfied

---

[1]  Defendant Kentucky Motor Service South, Inc. was substituted as the proper defendant for K.O.I. Enterprises, Inc. on May 9, 2012.

its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, it must produce specific facts showing that a genuine issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record in its entirety, a rational fact finder could not find for the nonmoving party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

## B. Defendant is entitled to judgment as a matter of law on Plaintiff's sexual harassment claim.

To establish a hostile-work-environment claim under Title VII, a plaintiff must prove that (1) he belonged to a protected group, (2) he was subject to unwelcome harassment, (3) the harassment was based on sex, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act. *Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir.2011). A male plaintiff alleging a hostile work environment claim based on same-sex harassment can establish his claim in one of three ways: (1) where the harasser making sexual advances is acting out of sexual desire; (2) where the harasser is motivated by general hostility to the

presence of men in the workplace; and (3) where the plaintiff offers direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace. *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 765 (6th Cir. 2006) (citation omitted and quotation omitted).

Here, Defendant argues that Plaintiff offered no proof establishing any of these three types of sexual harassment. The Court agrees. Plaintiff has failed to point the Court to any evidence demonstrating that Sean Collins acted out of sexual desire or that he was motivated by general hostility to the presence of men in the workplace. Furthermore, Plaintiff failed to direct the Court to comparative evidence on how women were treated in the workplace as compared to men. Therefore, the Court finds that Plaintiff has failed to demonstrate that a genuine dispute of material fact remains regarding his claim for same-sex harassment. The Court will thus enter judgment as a matter of law in favor of Defendant.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that

(1)    Defendant's Motion for Summary Judgment (Doc. # 36) is hereby **GRANTED**; and

(2)    Judgment shall be entered by separate order.

This 21st day of August, 2013.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\Opinions\Covington\2012\12-115 Order granting D motion for SJ.wpd